Frances Strinsky Spriggs v. Commissioner.
Spriggs v. Commissioner
Docket No. 40500.
United States Tax Court
1954 Tax Ct. Memo LEXIS 272; 13 T.C.M. (CCH) 229; T.C.M. (RIA) 54079; March 18, 1954
*272 Petitioner was divorced from her former husband in 1945, while living in Oregon. She had a minor daughter who was then twelve years of age, and petitioner was given the care and custody of her daughter. The father was directed to contribute $35 a month to the support of the daughter. Sometime after the divorce, petitioner and her daughter moved to Washington, D.C., and petitioner secured employment as cashier and sales clerk at a cigar stand. In 1949, petitioner and her daughter lived in an apartment in Washington, D.C., and petitioner paid the rent, cost of groceries, cost of clothing for her daughter, who was sixteen years of age and in school, cost of school supplies, lunches, bus and streetcar fare, and other expenses of that kind. In 1949, petitioner expended in excess of $1,200 for her daughter's support. Of this amount, her former husband contributed $600. Held, petitioner, having contributed more than one-half of the support of her daughter in 1949, is entitled to a credit for her daughter as a dependent under section 23(b)(1) of the Code. John J. Spriggs, Jr., Esq., for the petitioner. A. Russell Beazley, Jr., Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1949 of $100. The deficiency is due to the disallowance by the Commissioner of a credit claimed by petitioner in her return for her daughter, Caradel Strinsky, as a dependent. In making this adjustment to the income tax return which was filed by petitioner, the Commissioner stated in his deficiency notice, as follows: "Exemption for Caradel Strinsky, daughter, has been disallowed since you failed to establish chief support as requested in our letter of July 9, 1951." To this adjustment made by the Commissioner, the petitioner assigned error, as follows: "a. *274 The Commissioner erred in increasing petitioner's tax for the year 1949, by determining that petitioner was not entitled to a dependency exemption for her daughter Caradel Strinsky." Findings of Fact Frances Strinsky Spriggs, formerly Frances Strinsky, petitioner herein, filed an individual income tax return for the year 1949 with the Collector of Internal Revenue for the District of Maryland. She resides in the District of Columbia. Petitioner was formerly the wife of Saul Strinsky and resided in the State of Oregon. She was divorced from Saul Strinsky December 12, 1945, in the proceeding of Frances Strinsky v. Saul Strinsky. In the divorce decree it was provided, among other things, as follows: "IT IS FURTHER ORDERED that plaintiff is entitled to the care, custody and control of the minor child of plaintiff and defendant, to-wit: Caradel Strinsky, who is now 12 years of age, and said plaintiff is hereby granted and awarded said care, custody, and control and that defendant be, and he is hereby required to pay into the Registry of this Court the sum of $35.00 per month for the care, maintenance and support of said minor child, the first payment thereof to be made on or before *275 the 22nd day of December 1945 and a like payment to be made each month thereafter until further Order of this Court, during the minority of said child." Sometime after the divorce decree petitioner and her daughter moved to Washington, D.C. The petitioner claimed her daughter, Caradel Strinsky, as a dependent on her 1949 income tax return. Petitioner was employed as cashier and sales clerk at a cigar stand in one of the hotels in Washington, D.C., during 1949 and her total compensation for the year was $1,657.76. Gifts received by the petitioner from friends and relatives during the year 1949 did not exceed $40. Petitioner's former husband, Saul Strinsky, contributed $600 toward the support of his daughter, Caradel Strinsky, during 1949. The decree of divorce required him to pay only $35 per month but in 1949 he contributed $50 per month which aggregated $600 for the full year 1949. Petitioner and her daughter in 1949 lived in an apartment in Washington, D.C. The apartment rent was $50 per month which petitioner paid. She also paid for all the groceries consumed by her daughter and herself and bought the daughter's clothes. Caradel was 16 years of age in 1949 and was in school *276 and petitioner furnished her with money to pay for her lunches and also for streetcar and bus fare. She also paid $25 dentist bill for her daughter in 1949. She furnished money to her daughter to make a trip to Lake Success which was about $15 and money to attend a Youth Conference in North Carolina. She purchased for her daughter two pieces of luggage at a cost of $35 to use in making these trips. Petitioner testified at the hearing and estimated that the entire cost of her daughter's support in 1949, including her part of the apartment rent and groceries and the other items detailed above, was in excess of $1,400. She estimated that she paid $811 of these expenses and stated that the balance was paid with the $600 which her former husband, Saul Strinsky, sent her during the year 1949. We find from the evidence that the cost of support of Caradel Strinsky in 1949 was in excess of $1,200 and that of this amount petitioner contributed more than one-half. Opinion BLACK, Judge: Respondent in his brief states the question presented, as follows: "Whether the petitioner contributed more than one-half to the support of her daughter for the year 1949 which would entitle her to a *277 dependency credit under Sec. 25 (b) (1) of the Internal Revenue Code?" The applicable sections of the Code and Treasury Regulations are printed in the margin. [1]
*278 There is no question but that petitioner's daughter, Caradel, was a dependent within the meaning of the statute and regulations printed in the margin. The only question is, did petitioner contribute more than one-half of Caradel's support. Caradel lived with petitioner in an apartment in Washington, D.C., and petitioner paid all expenses but, as has already been stated, she was reimbursed by her former husband to the extent of $50 per month. Petitioner testified at the hearing and her estimate was that the expenses of Caradel's support and maintenance in 1949 were $1,411, of which she paid $811 and the $50 a month sent to her by her former husband, Saul Strinsky, paid the balance. Petitioner was unable to submit documentary proof or receipts of expenditures showing definitely the amount which she had expended for Caradel's support and maintenance in 1949. She explained that the reason why she was unable to furnish documentary proof or receipts of expenditures was because such expenditures were for food, clothing, rent, money for lunches, bus and streetcar fare, school supplies, and things of that kind which did not lend themselves to the keeping of separate accounts. As already *279 stated, petitioner testified that her best estimate of the amount expended for Caradel's support in 1949 was $1,411, of which amount she furnished $811. We feel that this estimate is somewhat excessive. Considering the fact, however, that the cost of living in 1949 in Washington, D.C. was high, we are reasonably well convinced that petitioner expended in 1949 in excess of $1,200 for Caradel's support and maintenance and that of this amount she expended out of her own funds in excess of $600. We have so found as a fact in our Findings of Fact. This results in a decision for petitioner on the only issue which we have here to decide. Decision will be entered for the petitioner. Footnotes
1. Internal Revenue Code. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. (b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: Regulations 111. Sec. 29.25-3. Personal exemption, surtax exemptions. and exemptions for both normal tax and surtax. - * * * (d) Taxable years beginning after December 31, 1947. - * * * (5) Exemptions for dependents. - Section 25 (b)(1)(D)↩ allows to a taxpayer an exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 * * * who receives more than one-half of his support from the taxpayer for such calendar year and who does not file a joint return with his spouse. * * * Whether or not over half of a persons's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer shall be determined by reference to the amount of expense incurred by the taxpayer for such support. * * *